CR#05-1644-CBS

## AFFIDAVIT OF MICHAEL BLANCHARD
## IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael Blanchard, being duly sworn, state:

### INTRODUCTION

1.  I have been a U.S. Postal Inspector since 1987. During that time, I have investigated many schemes involving violations of the mail and wire fraud statutes. I have also received advanced in-service training on the investigation of various types of fraud schemes.

2.  I am assigned to the investigation of Michael Deppe for executing a scheme to defraud through transactions that he arranged via the internet, in violation of 18 U.S.C. 1343 (wire fraud).

3.  I base this affidavit on: (a) my personal knowledge and involvement in the investigation; (b) information provided by local police officers who have participated in this investigation; (c) a review of various documents and records; and (d) my experience and training as a criminal investigator.

4.  This affidavit includes only those facts that I believe are necessary to establish probable cause and does not include all of the facts uncovered during the investigation.

### THE WIRE FRAUD

5.  On February 1, 2004, Deppe, of Shrewsbury, Massachusetts, e-mailed Ryan Mugar, of Anaheim, California, asking if Mugar was interested in buying a Rolex watch. Mugar had, in the past, bought and sold watches via eBay.

6.  After a series of e-mails and telephone conversations, Mugar agreed to buy two watches from Deppe for $9,800. Mugar also agreed to wire transfer the money to Deppe's bank account if Deppe would send him the watches by overnight mail and give Mugar the tracking number.

7.  Deppe agreed and gave Mugar a U.S. Postal Service Express Mail tracking

number. When Mugar checked with the Postal Service web site, he learned that the package with that tracking number was headed to the correct California zip code. It was not possible, however, for Mugar to tell, from the website, to what address within the zip code Deppe had sent the package.

8. Believing that Deppe had sent the watches to him, Mugar, on February 13, 2004, wire transferred $9,800 from his bank in Long Beach, California, to the bank account in Deppe's name at Commerce Bank, in Shrewsbury, Massachusetts.

9. The package Deppe sent was never delivered to Mugar, however, because Deppe had sent it to a different address than the one Mugar had given him. The person who received the package ultimately gave it to Mugar, who opened it, only to find that it contained worthless miscellaneous sports cards.

10. Meanwhile, on February 17, 2004, Deppe withdrew from his bank account $9,500 of the wired funds in cash.

11. When Mugar called Deppe to demand the watches he had paid for or his money back, Deppe blamed the situation on a mistake by his secretary and promised to send the watches or refund Mugar's money. But in spite of repeated requests by Mugar, Deppe did neither.

## PROBABLE CAUSE

12. Based on my training and experience, and the investigation I, and various local police officers, have conducted in this matter, as outlined above, I have probable cause to believe that Deppe has committed wire fraud, in violation of 18 U.S.C. § 1343, in the District of Massachusetts, within the past five years.

Subscribed and sworn to under the pains and penalties of perjury.

_____
Michael Blanchard, Postal Inspector
Postal Inspection Service


Subscribed and sworn to before me February 4, 2005.

_____
Charles B. Swartwood, III
U.S. Magistrate Judge